**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4565**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JOSEPH FRANKLIN COOK,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:16-cr-00017-IMK-MJA-1)

Submitted: February 16, 2017     Decided: February 21, 2017

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Joseph Franklin Cook's term of supervised release after concluding that Cook violated several conditions of his supervised release. The district court sentenced him to 366 days' imprisonment, followed by 24 months of supervised release, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is reasonable.[*] We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." Padgett, 788 F.3d at 373 (internal quotation marks omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Id. "In determining whether a revocation sentence is unreasonable, we strike a more deferential appellate posture than we do when reviewing original sentences." Id. (internal quotation marks omitted). "Nonetheless, the same procedural and

---

[*] In his pro se supplemental brief, Cook asserts that some of the violations were unsupported in fact. Because no evidence contradicts Cook's prior sworn assertions that he committed the violations, we conclude that the district court did not err in revoking supervised release. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015) (stating standard of review).

substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." Id. (internal brackets and quotation marks omitted).

At the revocation hearing, Cook admitted to using several controlled substances, and the urinalyses submitted by the Government supported Cook's admission. Given Cook's Grade B violation and criminal history category of IV, the district court properly calculated Cook's policy statement range as 12 to 18 months' imprisonment. Furthermore, the district court adequately explained the sentence imposed by reference to the relevant statutory sentencing factors, particularly its concern that Cook receive substance abuse treatment after his release. Moreover, Cook has not rebutted the presumption of reasonableness afforded to the within-policy statement range sentence imposed by the district court. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cook, in writing, of the right to petition the Supreme Court of the United States for further review. If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Cook.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED